# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BRUCE OCKRASSA and MARY OCKRASSA, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2-10-cv-48-TJW |
| v. | § § | |
| UNITED-BILT HOMES, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Plea in Abatement and Motion to Compel Arbitration. [Dkt. No. 5] Plaintiffs Bruce Ockrass and Mary Ockrassa sued Defendant United-Bilt Homes, LLC, alleging that Defendant engaged in deceptive trade practices, fraud, negligence, and breach of contract relating to the construction of a home by Defendant for Plaintiffs. The Defendant filed its plea in abatement on the grounds that Plaintiffs allegedly entered into a written arbitration agreement as part of the contract to build the home. Plaintiffs argue that they should not be bound to the arbitration agreement because Defendants failed properly to notify Plaintiffs of their waiver of rights under the Texas Deceptive Trade Practices Act and because the arbitration agreement is unconscionable.

Under the Federal Arbitration Act (hereinafter the "FAA"), an arbitration agreement that involves interstate commerce is "valid, irrevocable, and enforceable, save upon such grounds as exist for the revocation of any contract." 9 U.S.C. § 2. "While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). To determine whether an arbitration agreement is enforceable, courts must apply the relevant state

law principles that govern contract formation. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943–44 (1995). In Texas, "a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). If an agreement to arbitrate exists encompassing the claims in question, and the party opposing arbitration has failed to prove its defenses, then a trial court has no discretion; its only option is to compel arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753-54 (Tex. 2001).

Plaintiffs challenge the validity of the arbitration agreement as unconscionable. "Under Texas law, unconscionability includes two aspects: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself." *Carter*, 362 F.3d at 294 (citing *In re Halliburton Co.,* 80 S.W.3d 566, 571 (Tex.2002)). Plaintiffs argue that the arbitration agreement is procedurally unconscionable because of an imbalance of information in that Defendant knew but did not disclose that it would use unlicensed contractors in the construction of Plaintiffs' home. This is a challenge to the entire contract, rather than a challenge to the specific arbitration provision. "Only if the arbitration clause is attacked on an independent basis can the court decide the dispute; otherwise, general attacks on the agreement are for the arbitrator." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003).

Plaintiffs also argue that the arbitration agreement constitutes a waiver of rights under the Texas Deceptive Trade Practices Act and invalid under Tex. Bus. & Com. Code § 17.42. Specifically, Plaintiffs contend that because they were not represented by counsel as required by § 17.42(a) and because the arbitration provision does not include certain language as required by § 17.42(c), the arbitration provision is invalid. The waiver provision governs the effect of any

waiver of rights or remedies under the Deceptive Trade Practices Act and not whether an agreement to arbitrate is invalid as unconscionable. The issue of whether the contract complies with the waiver provision of the Texas Deceptive Trade Practices Act is for the arbitrator to decide. *See Sosa v. PARCO Oilfield Svcs., Ltd.*, 2:05-cv-153-TJW, 2006 WL 2821882 (E.D. Tex Sept. 27, 2006) (finding that a challenge that a contract does not comply with Texas "fair notice" requirements "is an allegation that the contract, insofar as it amounts to a waiver of a negligence cause of action, is voidable . . . [and] for the arbitrator to decide").

Plaintiff also briefly argues that Defendants waived the arbitration clause by removing this case to federal court. In Texas, "a party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice. Due to the strong presumption against waiver of arbitration, this hurdle is a high one." *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). Texas courts have never found a waiver of arbitration, even where parties engaged in motions practice, depositions, interrogatories, and removal. *Id.* Plaintiff has not shown that Defendants have waived the arbitration clause.

Plaintiff finally argues that the parties should be ordered to mediate their claims before being compelled to arbitrate. The arbitration provision states that all claims "shall be submitted to the American Arbitration Association (AAA) for mediation, and if not there resolved, then to arbitration." The Court agrees. The Court ORDERS the parties to submit their claims to the AAA for mediation in accordance with the terms of the arbitration agreement. The case is hereby STAYED pending arbitration

It is SO ORDERED.

SIGNED this 27th day of April, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE